### ROSENBAUM CO. OF PITTSBURGH v. BOWLES, Price Administrator.

Civil Action No. 4593.

District Court, W. D. Pennsylvania.

Oct. 5, 1945.

Reed, Smith, Shaw & McClay and Frederick E. Milligan, all of Pittsburgh, Pa. for plaintiff.

John A. Metz Jr., Dist. Enforcement Atty., and Emerson Samuels, Enforcement Atty., both of Pittsburgh, Pa., and John D. Masterton, Regional Enforcement Atty., of New York City, for defendant.

GIBSON, District Judge.

The court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

#### Findings of Fact

1. Hearing Commissioner John O'Rourke made the suspension order sought to be enjoined herein after the introduction of substantial proof that the plaintiff herein was short a considerable number of shoes, which should have been on hand according to its inventory.

2. The shortage was due to the necessary employment during the war period of inexperienced salesmen, and confusion resulting therefrom, and not to any desire or intention not to co-operate with the rationing of shoes by the Office of Price Administration.

#### Conclusions of Law

I. The order of the Hearing Commissioner was not arbitrary and capricious except as to the excessive length of the suspension period.

II. The said order was arbitrary and capricious in that it ordered a suspension of plaintiff for more than one week.

#### Discussion

The complainant has brought this action to enjoin or set aside an order of suspension entered pursuant to an administrative proceeding brought by the Office of Price Administration against the plaintiff, a large department store in the City of Pittsburgh. The proceeding was brought pursuant to the Second War Powers Act of 1942, as amended, Title III, Section 301, subsection 2(a) (9), 50 U.S.C.A. Appendix § 633, subsec. 2(a) (9). The Court's jurisdiction is based upon the Emergency Price Control Act of 1942, as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A. Appendix § 901 et seq.

The order sought to be enjoined was made by Hearing Commissioner John O'Rourke on March 14, 1945, and later sustained by Hearing Administrator Charles L. Ferguson.

The Hearing Commissioner was acting pursuant to authority of law, and there was substantive testimony adduced before him that 1618 shoe stamps were missing and unaccounted for by the plaintiff. This being the fact, the general order of suspension cannot be enjoined in its entirety.

The complainant has urged that the action of the Hearing Commissioner was arbitrary and capricious in that he, and his superior officer, failed to allow time after hearing for the purpose of further investigating the alleged shortage. Not a great deal of force exists in this contention. The plaintiff was given about nine days notice prior to hearing and it is beyond question that such hearings should be disposed of quite promptly.

While the court disagrees with the allegation that the judgment was arbitrary and capricious by reason of the failure of the Hearing Commissioner to continue the hearing, it feels that the order was arbitrary and capricious in that the suspension order was for too extended a period in view of the circumstances disclosed at the hearing. It is plain to the court that the shortage of the plaintiff in shoe stamps was due at worst to some slight carelessness, and not to any hostility to or lack of desire to co-operate with the Office of Price Administration. It was acting in the face of considerable difficulty due to loss of experienced buyers in the shoe department and the necessity to employ inexperienced salesmen with consequent confusion.

In the judgment of the court the suspension period of twenty-eight days was excessive, and the court will set aside the order of suspension to the extent that it fixes the suspension period more than one week.